UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:24-cv-24809-RKA

**JOHN DOE**,
Plaintiff,
v.
**THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"**
Defendants.
_____/

## MOTION TO DISSOLVE PRELIMINARY INJUNCTION

Defendants, zhoukoutianshuoshangmaoyouxiangongsi, Flegobey Store US (7-14Day delivery), and Loodion (7-14 Days delivered to you), SHENGMENG, EZGHAR Nanozoom Direct-US, wangjian, fahaoshangdian, bohushangdain, WHSJKJ, GZNRSM, bokando store and Zhang QianJin (collectively "Defendants"), by and through their undersigned counsel, hereby request that this Court dissolve the Order for Preliminary Injunction [DE 21] against Defendants and state as follows:

### I. LEGAL STANDARD

In *Fed. Trade Comm'n v. Simple Health Plans LLC*, 58 F.4th 1322, 1330 (11th Cir. 2023), the court explained:

> Dorfman raises several other issues, but they are either outside the scope of this appeal or have been abandoned. Because this appeal comes to us on a second successive motion to dissolve the preliminary injunction, our review is limited to whether *AMG Capital* requires dissolution or modification of the preliminary injunction order. *See Birmingham Fire Fighters Ass'n 117 v. Jefferson Cnty.*, 290 F.3d 1250, 1254 (11th Cir. 2002) (an appeal "should be permitted only to the extent necessary to consider whether the changed circumstances, evidence, or law requires modification of the order which is presumed to have been correct when issued").

*Fed. Trade Comm'n v. Simple Health Plans LLC*, 58 F.4th 1322, 1330 (11th Cir. 2023).

In *PB Legacy, Inc. v. Am. Mariculture, Inc.,* the court stated the standard for dissolving its injunction:

> The Court has the discretionary authority to dissolve, modify, or clarify its injunction. Dillard v. Baldwin County Com'rs, 376 F.3d 1260, 1264 (11th Cir. 2004); CBS Broad. Inc. v. EchoStar Comm. Corp., 532 F.3d 1294, 1299 (11th Cir. 2008). "Before exercising its power to modify, a court must be convinced by the party seeking relief that existing conditions differ so substantially from those which precipitated the decree as to warrant judicial adjustment." Hodge v. Dep't of Hous. & Urban Dev., Hous. Div., Dade County, Fla., 862 F.2d 859, 862 (11th Cir. 1989).

*PB Legacy, Inc. v. Am. Mariculture, Inc.*, Case No: 2:17-cv-9-FtM-29NPM, at *6 (M.D. Fla. Jan. 9, 2020).

## II. MEMORANDUM OF LAWS AND ARGUMENT

"Rule 60 instead provides the proper vehicle for this relief by permitting courts to modify preliminary injunctions upon a showing of a significant change in circumstances. *See VPR Brands*, 2023 WL 3600666, at *2." *XYZ Corp. v. The Individuals, P'ships & Unincorporated Ass'ns Identified in Schedule A*, 23-cv-24366-BLOOM/Torres, at *6 n.6 (S.D. Fla. July 25, 2024).

Plaintiff requested this Court to enter an order of preliminary injunction against Defendants to enjoin future potential infringement toward his/her copyright. Plaintiff alleged that Defendants infringed the following copyright as shown in Figure 1 below:



*Figure 1: Plaintiff's Copyrighted Work with U.S. Copyright Office Registered No. VAu 1-518-525.*

In the Exhibit 1 attached to the Complaint [DE 9], it shows the year of completion and publishing are both Year 2023 and the date of certification is Nov. 22, 2023. See Exhibit 1 to Complaint, DE 9-1, p. 1.

After the Order of Preliminary Injunction [DE 21] was entered, Defendants found out an exactly identical work was published and registered in China with first date of publishing on March 9, 2021. Below is the screenshot of the four copyrighted works resisted in Guizhou Province of China on Oct. 11, 2023. See Figure 2. A copy of the Copyright Registration Certificate is attached as Exhibit "A" to this motion.



*Figure 2: The Work Registered in China with Earlier Date of Publishing.*

A comparison of the juxtaposed two works is shown below. See Figure 3.

| Prior Work | Plaintiff's Copyrighted Work |
|---|---|
|  |  |

*Figure 3: Comparison of Prior Art and Plaintiff's Copyrighted Image (above)*

In *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1303 (11th Cir. 2020), the court explained:

> Before comparing two works to determine if they display the required substantial similarity, a court must "eliminate from comparison the unprotectable elements of" the copyrighted work. *Bateman*, 79 F.3d at 1545. This process—known as "filtration"—is necessary because even substantial similarity between a copyrighted work's unprotectable elements and a purportedly infringing work isn't actionable, regardless of how many unprotectable elements are copied or how important they may be. *Id.* at 1544.

*Id.*

Defendants sell products with similar or identical package with the accused product label as follows. See Figure 4 below.

| Product Images | Defendant |
| --- | --- |
| | bohushangdian |
| | ZHANGXIAOLONGMIAOQIANJIEDAOSHUIXIGUAN |
| | zxingrenkeji |

*Figure 4: Sample Images in Label of Defendants' Products.*

As Plaintiff's copyrighted work at issue is 100% identical from the one published before, such work does not have fresh expression of ideas. The entire picture of Plaintiff's work at issue

is either fraudulent or unprotectable. *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1303 (11th Cir. 2020).

Given the new evidence found after the entry of the Order of Preliminary Injunction [DE 21], Defendants request that this Court consider it as changed circumstances.

**WHEREFORE**, Defendants, zhoukoutianshuoshangmaoyouxiangongsi, Flegobey Store US (7-14Day delivery), and Loodion (7-14 Days delivered to you), SHENGMENG, EZGHAR Nanozoom Direct-US, wangjian, fahaoshangdian, bohushangdain, WHSJKJ, GZNRSM, bokan-do store and Zhang QianJin, by and through their undersigned counsel, hereby request that this Court dissolve the Order for Preliminary Injunction [DE 21] against Defendants.

Respectfully submitted on Feb. 27, 2025.

/s/ Jianyin Liu
Jianyin Liu, Esq.
FBN: 1007675
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C,
Palmetto Bay, FL 33157
Ph: (305) 209 6188
Email: jamesliulaw@gmail.com

**CERTIFICATE OF GOOD-FAITH CONFERRAL**

I HEREBY CERTIFY that I have reached to the opposing counsel for the instant motion, and the opposing counsel objected to it.

/s/ Jianyin Liu

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the foregoing was sent to all parties via CM/ECF on Feb. 27, 2025.

                                              /s/ Jianyin Liu